ORDER
This 12th day of January 2010, upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:
(1) The appellant, Kenneth Flowers, filed this appeal from the Superior Court's dismissal of his defamation complaint against his former lawyer on the grounds of privilege. The appellee, Lawrence Ramunno, has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Flowers' opening brief that his appeal is without merit. We agree and affirm.
(2) The record reflects that Flowers had retained Ramunno to represent him in pursuing a lawsuit for personal injuries. After the termination of the attorney-client relationship, Flowers filed a complaint against Ramunno with the Office of Disciplinary Counsel (ODC). Ramunno responded to Flowers' disciplinary complaint by letter to the ODC. Thereafter, Flowers filed his complaint in the Superior Court alleging that certain statements made in Ramunno's letter response to the ODC constituted defamation. The Superior Court dismissed Flowers' defamation complaint on the ground that Ramunno's response to the ODC was absolutely privileged. This appeal followed.
(3) After careful consideration of the parties' respective positions on appeal, we find it manifest that the judgment below must be affirmed. Rule 10 of the Delaware Lawyers' Rules of Disciplinary Procedure expressly provides that "[a]ll communications to and from the ODC . . . relating to lawyer misconduct . . . shall be absolutely privileged, and no civil suit predicated on those proceedings may be instituted against any complainant, witness or lawyer."* Accordingly, the Superior Court did not err in dismissing Flowers' complaint.
NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.
* See also Nix v. Sawyer, 466 A.2d 407, 410-11
(Del.Super. 1983) (holding that statements made by lawyers and judges in the course of legal proceedings are absolutely privileged from defamations claims).